IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 22 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| RHONDA MARIE CREAGER, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-713-A |
| | § | |
| ELAINE CHAPMAN, WARDEN, | § | |
| FMC-FORT WORTH, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the petition of Rhonda Marie
Creager ("Creager") for writ of habeas corpus pursuant to 28
U.S.C. § 2241.  Creager asks the court to order respondent,
Elaine Chapman, Warden, Federal Medical Center--Fort Worth, to
immediately release her to placement in a residential reentry
center or to home confinement, pursuant to the Second Chance Act,
18 U.S.C. § 3624(c).  After having considered the petition, and
all the responses and pertinent materials filed by the parties,
as well as the applicable legal authorities, the court concludes
that the petition should be dismissed for Creager's failure to
exhaust her administrative remedies, but that in any event the
petition should be denied on the merits.

I.

## Grounds of the Petition and Response

Creager is serving a forty month term of imprisonment imposed on July 17, 2007, for violation of 18 U.S.C. § 2113(a), bank robbery, and violation of 18 U.S.C. § 371, conspiracy to commit bank robbery.  Creager's projected release date is July 15, 2010.  She claims her "home confinement date" is March 17, 2010, and she has been accepted for release into a residential reentry center effective April 15, 2010.  Creager contends that the Bureau of Prisons violated the Second Chance Act by failing to place her in a residential reentry center at least six months prior to her home confinement date, more specifically, by refusing to transfer her to a residential reentry center until the last three months of her incarceration.  Creager also contends that the Bureau of Prisons discriminated against her when the case manager and unit manager determined how much time in the residential reentry center she would receive.

Respondent contends that either dismissal or summary judgment is proper because (1) Creager failed to exhaust her administrative remedies, thus depriving the court of subject matter jurisdiction; (2) she has no constitutional or statutory

right to placement in a residential reentry center; and (3) she

has failed to establish a violation of the Second Chance Act.

II.

Analysis

A.   Creager Failed to Exhaust Administrative Remedies

A prisoner seeking habeas relief pursuant to § 2241 must

exhaust all administrative remedies that might provide

appropriate relief.  See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir.

1994); Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993).  The

Bureau of Prisons has established a three-tiered Administrative

Remedy Program ("the Program") governing formal review of inmate

complaints relating to any aspect of imprisonment.  28 C.F.R. §§

542.10 et seq.  A prisoner must pursue the procedures set forth

in the Program prior to seeking relief in district court.  See

Rourke, 11 F.3d at 49.  These procedures, in turn, generally

require the prisoner first to attempt informal resolution through

a complaint to Bureau of Prisons staff; if not satisfied with the

result, he or she must file a formal written complaint to the

Warden, then pursue an administrative appeal to the appropriate

Bureau of Prisons Regional Director.  28 C.F.R. §§ 542.10 et seq.

The final appeal is to the Bureau of Prisons's Office of General

3

Counsel, "within 30 calendar days of the date that the Regional Director signed the response." Id. at 542.15(a).

Creager contends she has exhausted her administrative remedies. However, respondent provided evidence demonstrating that the Office of General Counsel rejected her attempt to file her final appeal because she failed to send all pages of the administrative remedy appeal form (form BP11), and because she failed to send either a copy or the actual remedy request and warden's response along with the BP11. Pet.'s Resp., Ex. 1; Resp.'s App. at 3 ¶ 9. According to respondent's records, Creager never refiled her final appeal. Creager disagrees, saying that she refiled the appeal, but that even if she did not do so the Bureau of Prisons's failure to respond within forty days rendered her grievance final.

The court agrees that from the records provided by both parties it appears Creager has failed to fully exhaust her administrative remedies. Although Creager contends in her unsworn response that she refiled her final appeal, she provided no evidence or documentation supporting this contention. The court concludes that the record establishes that Creager failed to fully exhaust her administrative remedies.

4

To be excused from the exhaustion requirement, Creager must demonstrate either that the administrative remedies are unavailable or inappropriate to the relief sought or, alternatively, that to pursue the administrative remedies would be patently futile.  See Fuller, 11 F.3d at 62.  As Creager does not contend that administrative remedies are unavailable, inappropriate, or futile, none of the exceptions apply.

B.   Creager's Claim Fails on the Merits

Even if the court considered that Creager has exhausted her administrative remedies, the court agrees that she has failed to establish a violation of the Second Chance Act.  In compliance with the Second Chance Act, the Bureau of Prisons promulgated regulations that provide, in pertinent part:

> Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part.

28 C.F.R. § 570.22.  In turn, § 3621(b) requires the Bureau of Prisons to consider the following five factors when determining a prisoner's place of imprisonment: (1) the resources of the facility contemplated; (2) the nature and circumstances of the

5

prisoner's offense; (3) the prisoner's history and characteristics; (4) any statement by the sentencing court; and (5) any pertinent policy statement issued by the Sentencing Commission.

Here, Creager contends the Bureau of Prisons failed to consider the first three statutory factors in determining her release to a halfway house and instead considered only the first factor.  Creager apparently bases this contention on her disagreement with the Bureau of Prisons's recommendation that she be provided 90 to 120 days' residence in the residential reentry center.

Respondent has provided evidence that Creager's Unit Team at FMC--Carswell considered the five factors set forth in § 3621(b), including the nature and circumstances of the offense and her history and characteristics, and recommended her for 90 to 120 days' placement in the residential reentry center.  That Creager disagrees with the Bureau of Prisons's conclusion and recommendation affords her no relief.  In a petition pursuant to 28 U.S.C. § 2241, the petitioner bears the burden to plead and prove that he or she is in custody in violation of the Constitution and laws of the United States.  28 U.S.C. § 2241(c).  That Creager disagrees with the Bureau of Prisons's

6

recommendation as to her placement in a residential reentry center does not establish a constitutional violation, as nothing in the Second Chance Act or § 3621(b) entitles Creager or any other prisoner to any guaranteed placement in a residential reentry center.  See, e.g., Jones v. Pearson, 2009 WL 5217022 (S.D. Miss. Dec. 29, 2009); Wilson v. Keffer, 2009 WL 1230020 (W.D. La. May 5, 2009); Reid v. Dewalt, 2009 WL 383404 (E.D. Ky. Feb. 11, 2009).  "The duration of [residential reentry center] placement is a matter as to which the [Bureau of Prisons] retains discretionary authority."  Walker v. Sanders, 2009 WL 2448023 (C.D. Cal. Aug. 10, 2009).

Further, to the extent Creager claims a constitutional right to be housed in a particular place, that claim is without merit. Olim v. Wakinekona, 461 U.S. 238 (1983); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996).  Section 3621(b) vests in the Bureau of Prisons "sole discretion" to determine where a federal inmate will be housed.  United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995); Moore v. U.S. Attorney Gen., 473 F.2d 1375, 1376 (5th Cir. 1973).

As to Creager's contention that the Bureau of Prisons discriminated against her in determining her time in the residential reentry center, this conclusory assertion, absent any

7

factual support, is insufficient to state a constitutional violation or claim of any kind.

III.

Order

Therefore,

For the reasons given herein,

The court ORDERS that the petition of Creager for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be, and is hereby, dismissed for failure to exhaust administrative remedies.

SIGNED March 22, 2010.

_____
JOHN McBRYDE
United States District Judge

8